Greenville County Republican Party Executive Committee v. Chairman of the South Carolina State Election Commission Mr. Harms May it please the court, my name is Samuel Harms and I represent the Greenville County Republican Party and William Mitchell in this challenge to various... challenges to various election laws. I have 13 minutes set aside for my initial and seven reserve. I'm going to start off by referring or talking about the issues regarding the standing of William Mitchell and the Greenville County Republican Party to prosecute this claim. On the issue of standing, I'd like to start off by pointing out something that sometimes gets lost and that is that William Mitchell has an independent claim in this case and the defendants in their brief agree that William Mitchell has standing to prosecute this claim. So I just point that out so that we understand that we will get to the merits at a minimum as to William Mitchell's claim that his rights... Sure, in his brief they point out that the William Mitchell's claims were decided in the initial decision by Judge Childs and that he had no claims to be I don't know that that's a concession that he has standing. That's just a concession that wasn't decided. Well, okay, they don't argue that he doesn't lack standing and his... Okay, and that case is on review now before you and so that case should be decided or that issue should be decided on the merit as opposed to standing. That is correct. If he doesn't have standing, we don't have jurisdiction. That is correct, but remember the standing issue revolves around whether or not the Greenville County Republican Party has standing to bring a freedom of association claim before this court. William Mitchell has an equal protection claim. William Mitchell is not bringing... He may have standing, but if he doesn't have standing, it doesn't matter at all whether the court below decided that or not because we have to have jurisdiction over his claim. Absolutely correct. When you say, well, they've conceded he has standing, I didn't recognize it as a concession, but all you're saying is that the court below didn't decide he didn't have standing. That is correct and the defendants don't brief otherwise in their reply brief and I just simply wanted to simply point that out from the very beginning. You represent him too? I do. You said you represent the Greenville County Republican Party. The plaintiff is the Greenville County Republican Party Executive Committee. I'm using it as a shorthand so that I don't have to say... But the papers show that the Executive Committee... That is correct. The Greenville County Republican Party Executive Committee is the legal organization. It is often referred to as the Greenville County Republican Party by nearly everybody. There is no Greenville County Republican Party. There is no Greenville County Republican Party Executive Committee. There is a Greenville County Republican Party Executive Committee that in their operating documents, their bylaws, simply says that they refer to themselves as the Greenville County Republican Party. It's an AKA. Exactly. Doing business as. But the Executive Committee is the party here. That's right. Because that's the legal entity. The question for us is whether the Executive Committee has standards. That's who you represent, the Executive Committee. Thank you, yes. And that's a good point because state law differentiates between state Executive Committees and county Executive Committees. As we point out in our brief on numerous occasions, the law imposes different obligations on the state Executive Committee as opposed to the county Executive Committee. For example, as we point out numerous times, it is the Greenville County Republican Party Executive Committee who has to pay and conduct and fund and certify the results of municipal elections. But the law has changed, hasn't it? The law has changed. What about the ordinance of May 12, 2014 that says that the city of Greenville shall cease operating under the partisan method of nominating and electing candidates in municipal elections. The city of Greenville adopts the nonpartisan plurality method as authorized by the South Carolina Code. Yes, Your Honor. Now, on this case, we're dealing with the June 14, 2011 primary and whether or not the Greenville County Republican Party Executive Committee Right, right. But my question to you is the law has changed in a very fundamental way because the city of Greenville no longer conducts, no longer is permitted under the law, as I read the ordinance, to conduct a partisan election. Your Honor, the answer to the question is the city of Greenville has not yet run a nonpartisan election. What I'm saying is the law precludes partisan elections at the municipal level by ordinance number 2014-25. Isn't that correct? No. Why not? I'm reading it right here. What's wrong with that? Because I want to orient ourselves on this. Section 5-15 of the state code authorizes municipalities to choose between one of three forms of nonpartisan elections or one form of partisan elections. The ordinance that you are looking at is simply the decision of Greenville City a few months ago to choose one of the nonpartisan methods of nominating candidates. Tomorrow they can choose to go back to the partisan one. Your brief doesn't talk about this and there's no supplemental filing on your part. Don't we have to know how this factors in? I'm not saying it changes your case, but you've been silent on this and this seems to me to be a fairly large element in the analysis of this case. Your Honor, if it is, I apologize, but this is why it is not. And that is simply that is a vote of the city council regarding the method that they intend to use in the next election. Tomorrow, and there is a tremendous amount of let's say political blowback about this vote, and they may vote to change it tomorrow. The constitutional analysis is the same. The law as it is today provides for nonpartisan elections only in the city of Greenville. My only hesitation is I want to use the word city ordinance as opposed to a state law because I want to make sure it's clear that I'm not saying that state law has changed. But an ordinance is a law. It's simply a law of the municipality. It is. And I'm just wanting to be careful that I don't concede something and that I create an issue here. I just was curious as to why you never told us about this ordinance. And you do agree that we take the laws that exist when we decide the case. Yes, it is. But we also is that we are seeking a judicial determination as to whether or not the Greenville County Republican Party Executive Committee's rights were violated when it had to conduct the June 14, 2011 primary. This court can determine and look and say that our constitutional rights were violated on that date when the state required the Greenville County Republican Party to pay for and fund and certify the results of an open primary. The court can do that because it provides guidance. Because, for example, tomorrow the city of Greenville can pass another ordinance and switch back. Do you want an advisory opinion? Is that what you're saying? No, I don't want an advisory opinion. Not a guidance? No, I want an opinion to determine the rights of what happened on June 14, 2011 and to determine whether or not the code sections that require the Greenville County Republican Party to pay for these municipal primaries are constitutional. Because that is a code section that is still on the books. It requires us to pay for the primary elections. You're not asking for damages. What's the remedy you're seeking? You just want a statement in the ether that in 2011 it should have been done differently? We did bring a damages claim against the county and the county election commission, Your Honor. We did bring a damages claim to preserve that issue. Is that in front of us? Well, no, because the case was on the first day of trial. Your Honor, on the first day of trial on August 21st, the judge heard arguments as to the standing of the Greenville County Republican Party to prosecute the claim. And she, as you well know, had decided, the court had decided, that we don't have the standing to prosecute the claim. So we did not get to the issue as to the underlying merits of the claim. But on remand, because we believe we do have standing, on remand that is an issue that would be determined as to the value of the violation of the constitutional rights that have occurred in the June 2011 primary and all the previous primaries, because that's all evidence before this court that the Greenville County Republican Party Executive Committee has had to conduct, pay for, certify, and hear contests on all of these elections in the past. When you say all these elections, you mean all these municipal elections? Municipal elections, yes, Your Honor. Yes, Your Honor. Because those are the ones that are conducted. Because as we point out in our brief, the state of South Carolina is prohibited from conducting and funding these municipal primaries. The South Carolina Republican Party does not conduct or fund these municipal primaries. The county government is precluded by law, and state law specifically imposes on the party the ability to, or the requirement to do that. And I've got about a minute and a half to talk very quickly about injury, causation, and redressability. The Greenville County Republican Party is clearly being injured by these ordinances. We have to get volunteers together to conduct these open primaries. We have to pay for them. We have to certify them. There is a redressability, I mean a causation issue, is because these code sections that require the Greenville County Republican Party to pay for these... You say ordinances. You're talking about the ones that were in effect... No, no, no. I'm sorry. If I said ordinances, I made a mistake. State laws. You are correct. It is state law that requires my client to pay for these open primaries. Right, but if there's nothing to pay for anymore, because the ordinance has changed, then what's the rub? Well, the rub is that we had to do it in the past, and the rub is, in your honor, in my 20 seconds here, at any given time, the state law still remains the same that Greenville County, in a minute's notice, one minute's notice, can compel my client to go run and fund an open primary. And as long as that state law... If the law provides for one. If the law in the future provides for the partisan primary, then Greenville County Republican Committee would have to pay for it, you're saying. That is correct. All speculative, all theoretical. We disagree that it is theoretical or speculative because it has happened in the past. It has always happened, and Greenville City has never run a nonpartisan election, and there's all sorts of litigation as to whether or not they can switch and stuff like that. You say it could happen. You're talking about they could go back and change the ordinance again? Yes. Is that what you're getting at? That's what I'm getting at. That same argument would apply to any legislature. Congress of the United States, they could change the law. But we've got to deal with what's on the books at the time. And the statute we want you to deal with is the state statute that requires us to pay for it and conduct it. We are not challenging the city ordinance. But as you pointed out, it looks like right now it's a nonpartisan election. It is, as of two months ago, subject to change, as long as you understand that. As long as I'm making that clear. Subject to change by the City Council of Greenville? Yes, exactly. Every ordinance down there would be subject to change, and so would all the laws of South Carolina be subject to change by the legislature? As long as I'm making it clear, we are not challenging the city ordinance. We are challenging the state law that requires us to pay for it, and we are damaging the past. Thank you. May I please the court? My name is Harry Kresge. I represent the defendant intervenors. I'm going to confine my remarks to the standing issue, and Mr. Lindemann will address other issues. In his effort to preserve standing for some of his clients, perhaps just one of his clients, Mr. Mitchell, let me say this. Mr. Mitchell's rights relative to the constitutionality of the open primary overall are even weaker than the rights of the Greenville County Republican Executive Committee. But in both cases, under the Marshall case and the basic principles of redressability, causation, and injury, neither has standing. With regard to the events and the conduct of primaries in the municipality of Greenville, where Mr. Mitchell lives, Mr. Mitchell didn't pay for the conduct of those primaries. Even in the past, the Greenville County Republican Executive Committee did. So I just want to get Mr. Mitchell out of the way here. The fact that the Greenville County Republican Organization doesn't like the open primary is not enough to confer standing on it. First off, the Marshall case dealt with the standing of an organization other than the state party or a situation where the state party wasn't involved and didn't take a clear position in either its rules or in its plan of organization. That a local individual or a local organization doesn't have standing. And there's good reason for that. The injury, if there is one, from an open primary is an injury that can only be suffered by the state party because that's to whom the associational right belongs. As Judge King pointed out in his colloquy with Mr. Holmes, Greenville doesn't speak for even the Republicans in Greenville. It speaks for a particular county organization, a subdivision of the Republican Party that is not, by the way, a certified political party that doesn't like how the state party is doing business. So it's not clear as a threshold matter that the Greenville County Executive Committee has itself suffered any injury. Just back up a second. This certified political party, do you have to register under South Carolina law to be such a thing? I'm not 100% sure. Judge Lewis? You have to under Maryland law. You have to do something, I would think, to become a certified political party. I don't know exactly. What makes you certified? That's what I'm asking. I guess you file something and you're recognized as... A political party. A political party and the state committee of the political party would be recognized as such. But how do you know that they haven't done whatever it is if you don't know what you have to do to be a political party in South Carolina? Well, Judge Lewis made a finding that the recognized political party by the state of South Carolina was the state Republican Party and that the Greenville County Executive Committee is simply a subdivision of the state party organization. Yeah, I understand that, but I don't understand why something other than the Republican or a statewide party couldn't be a political party if they were within the statutory definition. Well, Greenville certainly could constitute itself as a political party separate from the state Republican party and then perhaps the standing issue would be different. How do I go find out whether it's done that or not? There's nothing in the record to indicate that they have done that. Tell me whether anybody does to get to be a, quote, political party under South Carolina law. Well, I think there are things that you have to do to be a separate party. There are minor parties in South Carolina, for example, and they have to meet certain requirements. I don't happen to personally know what they do. Are you saying that this plaintiff is not such a party? Yes, it's done nothing or taken no steps to distinguish itself as a party separate from the Republican Party organization. Could it do that? How it would do that? I simply don't know. Well, Mr. Holmes knows. Mr. Holmes is the counsel for the Republican State Executive, the Republican County Executive. I just simply can't answer that question. Okay. Whatever injury that the Greenville County organization claims to have suffered, it suffered because the state party hasn't seen fit to adopt a rule or a plan of organization as did the state party in Virginia subsequent to the Marshall case that commits itself and demands and says it's going to conduct a closed primary. And that's critical. So really it's a fight between the local party organization and the state party of which it's a member. And finally, even if this court were to issue an order saying that the open primary is unconstitutional, so long as the state party was willing and wanted to conduct an open primary, that it could do so under the testing case which permitted the Connecticut Republican Party to open its primary to independent voters despite the existence of a Connecticut law that said that it couldn't. So neither the state of South Carolina nor this court has the capacity to force a political party to close its primary when it wants to have an open primary. And I think the law is very, very clear on that. So really – But you're not conceding or arguing that the plaintiff here is a political party. No, not at all. It's not a political party. It's a county organization of a political party. I don't think I followed your last argument. You mean if the Republican Party of South Carolina made that decision? Is that what you're saying? I'm saying that – Try me again. I'm saying that the fight, in essence, is not a fight between – Got it. And I'm saying further that even if the state of South Carolina were to change its law and to require a closed primary or if this court were to order South Carolina to adopt a closed primary system, the state party, the Republican Party of South Carolina, would still have the right under the Taschian case to open its primary. So I'm saying that the moving force here under the constitutional principles, as enunciated in the Supreme Court in the Taschian case, which is that a party can determine the terms of association with it and has the right to open its primary, is the body that can change the situation. Neither this court nor the state of South Carolina could force a closed party on the Republican Party unless and until it wanted to do that. That was the point I was trying to make. So it was the withdrawal of the Republican Party that put the nail on the coffin relative to depriving the state party of – depriving the plaintiffs, the Greenville Organization, of standing. I just want to briefly address the equal protection argument with regard to the 75 percent requirement. First of all, and in particular, the issue of standing. First of all, in its argument and as reflected in Judge Lewis's decision, the county organization can find its position with regard to equal protection as relating to its having to pay for the municipal elections, unlike partisan municipal elections, unlike county organizations in other counties and other cities that have nonpartisan elections. As Judge Keenan pointed out, now that the city of Greenville has adopted partisan elections, has adopted a nonpartisan system, that really changes everything. However, at some point in time, the Greenville Organization, I suppose, did pay for a primary at some time in the past, and it's claiming that that was unconstitutional and that the 75 percent opt-out imposes too great a burden on the party. But in its brief, in its reply brief on page 20, when it addresses the issue of standing for contesting the 75 percent opt-out requirement being imposed on it, what the Greenville Organization said is that it injures them because it forces them into an open primary. But if the county organization doesn't have standing to challenge the open primary and isn't injured by the open primary for the reasons that I addressed a moment ago, then it's being, then whether or not the 75 percent, putting aside whether or not that's an equal protection claim, but just with regard to standing, the issue of whether or not it's more difficult than it might otherwise be to opt-out doesn't confer standing on it since the injury itself is the open primary that it has no standing to contest. I'm going to let Mr. Lindeman handle the other arguments at this point. Thank you. Thank you. Excuse me. May it please the court, my name is Andrew Lindeman. I represent the remaining appellees who consist of Billy Ray, who is the chairman of the South Carolina State Election Commission, as well as the Greenville County Election Commission and the Greenville County Board of Voter Registration. To touch on a question of law that came up on Mr. Kresge's arguments, just to call the court's attention, there was a question as to what South Carolina law requires as far as certification of political parties, and I would refer the court to South Carolina Code Section 7-9-10, which addresses the certification and decertification of political parties. In order for a political party to be certified, a petition must be submitted to the South Carolina State Election Commission, together with 10,000 or more signatures of electors. But isn't there in the South Carolina election, what confused me was it seemed to me that in the South Carolina Election Code, I don't know what you call it, but the body of laws that governs elections in South Carolina, some discussion of party and doesn't talk about political party before it, and I wondered sort of how one parses that. Well, I'm not familiar with exactly what you're referring to. Maybe you can take my word for it, unless you want me to take up your time. Well, the statutory scheme, as I understand it, refers to the term political parties, and certainly there are probably instances in Title 7, which is the elections code, that may shorten it to the word party, but I believe that it has the same meaning and connotation. So I'm not certain specifically where there may be any type of discrepancy involving the term. You think it means the same thing? Yeah, I believe that it's the same thing. For example, you have the code in front of you? Well, I have a portion of it. Section 1130, you have that in front of you? I do. Provides that a party may choose to nominate candidates if it meets certain voting thresholds. And then it says in 7120 that a political party, and it doesn't consistently talk about party. Well, Jana, I would submit that when it references just using the word party, I mean, it is a reference to political party. It's not any distinguishing factor between the two. It's just essentially a shortened version of the term. Is there something as legislative history in South Carolina? Very limited, Your Honor. I mean, most of our legislative history, unless the General Assembly actually encues findings within the statutory scheme that they enact, is going to be limited to the title. Now, some of our titles can be quite long and can elucidate some legislative history, but as far as anything like the congressional record, no, we don't have that in South Carolina. Very often, I wish we did. Let me just touch on a couple of quick points. The primary focus appears to be, given the status of the case, given Judge Lewis's rulings, is the Greenville County Republican Party Executive Committee obviously is trying to salvage some type of standing in this particular case, and they're focusing on this issue of having to conduct and pay for partisan municipal primaries within Greenville City. And quite frankly, up until a few months ago, Greenville City was one of the very few municipalities in South Carolina, I think there's six or less, that actually have partisan elections. Most municipalities in South Carolina do adopt one of the three different forms of nonpartisan municipal elections. And I think the change in the ordinance recently with the city of Greenville certainly, to the extent this court goes beyond the standing decision made by Judge Lewis, it certainly moots any type of prospective relief. And I know the court has picked up on that issue, and I don't need to belabor that point. But Mr. Harms makes the argument, well, even though he didn't agree that it takes care of the prospective claims, he kept focusing back on the municipal election in June 2011, and the argument that he has a money damages claim, so therefore at least the money damages claim in theory wouldn't be mooted. Let me at least raise one additional point to the court. When the case was originally filed, the Greenville County Election Commission and the Greenville County Board of Voter Registration were not parties. And in fact, you may notice that the initial phase of the case was handled by the Attorney General's office. Following Judge Child's order in March of 2011, when she decided all of the facial challenges and a number of other issues, she did leave open after her 59E ruling the as-applied challenges, and ultimately the case was reassigned to Judge Lewis. An amended complaint was filed. I actually was retained at that point to take over for the existing defendant of the State Election Commission as well as the Greenville County Election Commission. And we raised on summary judgment for the Greenville County Election Commission, which incidentally is the only party against which the money damages claim is asserted, quite frankly because the 11th Amendment would bar them from being able to pursue any money damages against the State Election Commission. We raised a separate summary judgment basis, and it's mentioned in Judge Lewis's first footnote of her order. She didn't need to reach this issue. But we raised the fact that, and I think it's a quite solid argument, that there's no municipal liability for Greenville County Election Commission for following state law. The Greenville County Election Commission was sued because they applied an open primary in Greenville County. That's the extent of the argument against the Greenville County Election Commission. That's the only party against which money damages could be returned. And so I raised that as an alternative basis. It's mentioned, as I indicated, in a footnote in Judge Lewis's opinion. I also made certain that our summary judgment arguments were included in the record at Joint Appendix 509 to 518 if the court needs to reach that issue as an additional sustaining ground. I present that to the court. I think it's quite clear that following state law is no basis for asserting municipal liability for money damages. So essentially the prospective relief claim is now mooted, totally separate and apart from whether or not the Greenville County Republican Executive Committee even had standing. But let me just address a couple other points because I believe even on the merits and recognize when Judge Childs issued her order in March 2011, the state Republican Party was part of the case. Standing issues had not been raised at that particular point, which I think lends itself to part of Mr. Harms' confusion at the beginning of the case. That all changed, of course, when the South Carolina Republican Party voluntarily was dismissed shortly before summary judgment was issued by Judge Lewis. But even if you focus on the merits of this issue about having to, that the local committee in Greenville was required to conduct and pay for partisan municipal elections, that just isn't the case. And it's all based on a misunderstanding of what state law requires. And Judge Childs, in her order, makes that very point in footnote 10. She says, plaintiffs rely on this misstatement of South Carolina law for their argument that political parties suffer equal protection violations as a result of being compelled to conduct primaries on the municipal level while state-funded primaries are provided at other governmental levels. She proceeded to say, accordingly, this argument fails because of plaintiffs' misconception of the law. And the misconception of the law is that South Carolina state statutory law requires a party, a political party, to fund and conduct a partisan municipal election, and that's not the case at all. What South Carolina state statutory law provides is that the state election commission, nor a county election commission, will be conducting municipal elections. There are municipal election commissions separate from county election commissions. In this particular case, the Greenville County, excuse me, the Greenville City Election Commission was made a party when the amended complaint was filed. Then with consent, and I stress, it was a consent order, with consent that party was dismissed. Of course, that was the main focus of Judge Lewis in finding no standing because the city of Greenville determined whether or not there are partisan elections in the city of Greenville, and they were a necessary party in order for the three prongs of standing to be satisfied, primarily the redressability prong. Of course, now with this new ordinance, all that is moot, but I did want to make the point that the entire equal protection and First Amendment claims asserted by the Greenville County Republican Executive Committee, this whole premise that they were forced by state law to pay for and conduct municipal partisan elections is just absolutely incorrect. The law does not require that. In fact, in Greenville and the city of Greenville, it was unclear in this record. Judge Childs pointed that out. It's never been clarified as to why the Republican Party was conducting those elections rather than the city of Greenville Municipal Election Commission. But that goes to the very point, and I see my time is up. That goes to the very point that Judge Lewis made. But on the merits, Judge Childs is absolutely correct as well. I just have struggled with the difference between the Greenville city and the county. First of all, is Greenville a county as well as a city? That's correct. Greenville County, the seat is the city of Greenville. Yes, ma'am. And the Greenville city has the authority to conduct these elections, is that it? The city of Greenville, by ordinance, determines how their elections are going to take place. Right. It's either going to be nonpartisan or partisan. If it's nonpartisan, there are three different versions. Right. I've got all that. What about the obligation to set up and pay for the election? Who has that under state law? What state law says is that it will not be the function of either the state election commission or the county election commission. It doesn't say whose obligation it is. It does, however, say that if a political party engages or conducts a primary, they're responsible for paying for it. But I thought your whole contention here is that the Greenville County Republican Party is not a political party. That's correct. So you don't think they had any obligation to pay for this? Well, and that's between them and the state party how that's actually paid for. They are an executive committee. They are part and parcel of the state Republican Party. But you're not making anything of the fact that it's the executive committee rather than it could be just the Greenville County Republican Party. Your argument's the same no matter which, right? That's correct. And you can call it whatever you want to call it. It's not a certified party in South Carolina. And how do we know it's not a certified party? Well, there's certainly nothing in the record. I would have to go back and see if anything's stated in some affidavits that were filed early on, and I didn't anticipate this being an issue. But I can tell the court, and I don't think Mr. Harms is going to get up and take the position the Greenville County Republican Party is a certified political party separate and apart from the state Republican Party. It's not that we have Democrats, Libertarians, South Carolina Republicans and Greenville County Republicans. We don't have that. South Carolina's pretty backwards at times, but we don't have that. Let me ask you one more thing. Is the Greenville County, Greenville City geographically contiguous? The city is the county seat, but no, the city itself is not. There are parts of Greenville County that are not within Greenville City. That's correct. In fact, most of the county is unincorporated. And there are other municipalities actually located in Greenville County. Okay, thank you very much. Thank you very much. Mr. Harms, do you have a rebuttal? Thank you. Do you maintain that the Greenville County Republican Party is a certified political party under South Carolina law? No. Okay. Or the executive committee, which is named as plaintiff here. Is it one? No, but let me give a full answer now. The South Carolina Republican Party Executive Committee is an unincorporated political party. It belongs to the South Carolina Republican Party, which is an unincorporated certified political party. And so I hope you're catching the nuanced differences there. The Greenville County Republican Party is clearly a political party. It conducts elections. It certifies the winner of the elections. I hope that I get that across to you. Where does it get its obligation to pay for these elections? It is under two sections, Your Honor. First off, these are all in the briefs. Section 71315A1, Your Honor, prohibits the state from paying for a municipal primary, and it prohibits the county government from paying. That's right. So then we look at 51580, which reads as follows. The results of any political party primary shall be declared by the party conducting the election. Protests and contests shall be filed in writing with the municipal party chairman within two days after the date of the declaration of the result of the election and the municipal party executive committee shall determine such protests within five days. As the record is absolutely clear, that is the Greenville County Republican Party executive committee. I missed where it said that you had to conduct and pay for the election. Where does it say that? Oh, okay. That is under section 715. Oh, wait. Hold on. You said declare. Declare is under what I just read to you, 51580. Oh, no, no. Not in what you read me, it wasn't. It says the results of any political party primary shall be declared by the party conducting the election. Yeah, but that doesn't tell me who the party conducting the election is yet. Well, here it is. You can look at the affidavits of Betty Poe, the chairwoman, Patrick Haddon, the chairman. But what I'm saying is, where are they required to do it under state law? Well, Your Honor, the state is prohibited from doing it. The county government is prohibited from doing it. State law specifically says that the party who needs to conduct, needs to pay for it, that would be us. The city of Greenville, maybe I think, the city of Greenville is entirely within the county of Greenville. So the Greenville County Republican Party has to, we have to nominate mayors. They have to pay. You just haven't cited anything by way of statute. Oh, yeah, Your Honor. Well, the statute is 7-15-395. 7-15-395. What does that say? Which is the statute, and this is going to be off the top of my head, that essentially says that the election materials and ballots shall be paid by the party conducting the election. That's off the top of my head, Your Honor. There is really no factual dispute that the Greenville County Republican Party is paying for these municipal elections. There's no factual dispute that the government is not. Okay, I just want to be sure that I have your clear answer to this question. What I wanted was the link from state law requiring your client to pay, not state law saying the state doesn't pay and the county doesn't pay. Yeah, then that would be 5-15-80, what I read to you. The language you read didn't say that. Well, I agree. If that's all you have, fine. I see what you're saying, because that just simply says we have to declare the results and we have to handle any contest. 5-15-395, if I can find that. I'm sorry, 7-15-395. And, Your Honor, if you give me one second, I will go grab... It says the party. That's what you said. And then that gets us all back to a definitional thing. Okay. And you say you're that party. Well, we... Okay. But you're not a party. You don't even bring suit as a party. Well, no, we... Suit as a committee. Well, no, we're the party executive committee, and we're a political... We're an unincorporated political party. As it's in the complaint, it means party, as it's set forth in 7-15-395. 7-15-395, you're talking about the code section that requires the... You said that's your hook. 7-15-395 requires... It has to be paid by the party. Yes. But you don't have a lawsuit on behalf of the party. You've got a lawsuit on behalf of an executive committee. Well, Your Honor, maybe, like I said, as I said at the beginning here, I said the Greenville County Republican Party executive committee is a political party. It's not certified. It's an... Well, you can be a political party. You're asking a specific question as to whether or not we're certified. If you're a political party that might be subject to 7-15-395, you'd have brought suit on behalf of a party as opposed to a committee. That's just my reaction. Okay. Well, then I need to answer that, and that is in the state of South Carolina, the state of South Carolina establishes that the county parties are called the Greenville County fill-in-the-blank Republican Party executive committee. That is the way they are phrased under state law. That doesn't make them a political party for purposes of 7-15-395. You're saying that colloquially they're referred to as a political party, but that doesn't make them the entity that is referred to in 395, 7-15-395, as the party bearing the expenses. The government takes that position. They want us to think that, but there's nothing that provides that link. Okay. Your Honor, the government thinks that. Which government? The county government, because it is the county government who delivers... I want to make sure in these 30 seconds, as the affidavits say, every election, the county and the state deliver to my client the list of people who can vote in the primary, Your Honor. And so, Judge Keenan, the government is delivering it to us. Don't you think that that is evidence that it is the government that expects us to run these things? On the issue of the city, it is... See, that's not a good question though, Mr. Parmes, because you may be the person conducting it on behalf of the political party and not be the political party itself within the meaning of the statute. The code section 51580 excludes the state party, as mentioned in the brief. The South Carolina Republican Party does not run any primaries. And on your... Your Judge, on the issue of... The Judge, on the issue of standing for the municipal ordinance change, I would point out that the municipal ordinance change is capable of repetition. And at any point in time, the Greenville City can change the ordinance and recreate the injury that occurred in June of 2011. And that's why we continue to stand. But you only cited half of the thing. It has to be capable of repetition and evading review. Yes. Yes. And it's the county... But, Your Honor, but if the city... If the city then could simply... Think of what a situation that puts my client in. After every municipal primary that they conduct and pay for, because they get delivered it, then the city could simply re-adopt a nonpartisan... a nonpartisan ordinance, moot the issue, and then... As they say, I don't know why your client conducts the election. And then a week... No, not this year. We don't have any obligation to do so. And, Your Honor, I hope you understand what a precarious position that would put in the people wanting to run for mayor, city council, water commissioner. How do you deal with this? Well... This is such a problem. Yes. I mean... And you understand that that would be a very risky venture for my client to engage in. It would result in nobody being nominated. Right? Where does your client get the money to run these elections? They fundraise. We have different financial banks. And every municipality does this? There's six in the state that do this. Well, what do the others... The others run non-partisan. The others run non-partisan. And the non-partisan elections, somebody has to fund those. Under the state law, non-partisans are funded by the government. And that's what the difference is. The state legislature has made a very clear decision here to favor non-partisan elections. They have, but this issue raises the constitutionality of requiring a private political organization to have to fund these open frontiers. You don't have to fund it. Your Honor, I can guarantee... Your Honor, you certainly can understand that the... Well, Your Honor, if not us, then who? Whoever is required to do it by state law. If no one's required to do it by state law, I guess no one's required to do it. We cite... Whoever wants to volunteer to do it, you can. Well, we cite in the... We cite in the brief and in those ones that I give you that specifically say that the party has to pay for it. And that has always been my client. Thank you very much. Thank you. We will come down and greet the lawyers and then go to our last case.
judges: Diana Gribbon Motz, Robert B. King, Barbara Milano Keenan